■ TRANSPORTATION CONSULTANTS OF AMERICA, INC., Doing Business as QUALITY TRANSPORTATION, INC., Respondent-Appellant, v AMERICAN HOME ASSURANCE COMPANY, Appellant, and ALBIEZ INSURANCE AGENCY, INC., Respondent. [788 NYS2d 90]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered October 10, 2003, awarding plaintiff the principal sum of $481,891.25 against defendant American Home Assurance, but dismissing the case as against defendant Albiez Insurance Agency, unanimously affirmed, with costs.

The affidavit of the vice-president of Citicorp North America established that plaintiff lost a bag containing checks endorsed by the bank's customers, which had already been accepted for deposit and credited to the customer accounts, and thus were no longer negotiable instruments since the items had been transferred to Citicorp for collection (*see* UCC 3-104 [1] [c]; 4-105 [a], [d]). The sole reason advanced by American Home for withdrawing its defense of plaintiff in the underlying Citicorp action was that the lost bag contained negotiable instruments that were excluded from coverage under a provision in the policy. The affidavit confirmed the impropriety of that denial of coverage. There is no merit to American Home's argument that the checks were negotiable. That a finder of the checks or a thief might ultimately have been able to negotiate them is of no moment, since the question of negotiability is determined at the time of the loss, at which point—having been accepted for deposit by Citicorp and still in its constructive possession on their way to the processing center—the checks were clearly nonnegotiable.

Following American Home's withdrawal of a defense to

Citicorp's underlying action, plaintiff entered into a reasonable settlement with Citicorp for slightly less than the loss Citicorp actually sustained as a result of not being able to recover from the payor banks. American Home's argument that a valuation provision in the policy limited its liability for the loss was properly rejected (*see Ansonia Assoc. Ltd. Partnership v Public Serv. Mut. Ins. Co.*, 257 AD2d 84 [1999]).

Inasmuch as American Home's denial of coverage was unjustified, plaintiff's claims against its insurance broker, Albiez, are academic. The court was not required to address the merits of Albiez's cross motion seeking dismissal of the claims against it. We affirm that judgment of dismissal solely on the ground that Albiez could not be held liable for procuring an allegedly inadequate insurance policy where the policy did indeed cover the loss at issue. Concur—Sullivan, J.P., Ellerin, Williams, Gonzalez and Catterson, JJ.